UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. William J. Martini, U.S.D.J. |
| Plaintiff, | : | Civil Action No. 14-1984 |
| v. | : | DEFAULT JUDGEMENT AND <u>FINAL ORDER OF FORFEITURE</u> |
| ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 3280 WIDEMAN AVENUE S.E., PALM BAY, FLORIDA, 32909, | : : : | |
| Defendant *in Rem.* | : | |

WHEREAS, on or about March 28, 2014, the United States commenced a civil action for the forfeiture of 3280 Wideman Avenue S.E., Palm Pay, Florida, 32909 (the "Defendant Property"), by the filing of a Verified Complaint for Forfeiture in *Rem* (the "Verified Complaint"). The Verified Complaint alleges that the Defendant Property is subject to forfeiture to the United States (i) pursuant to 18 U.S.C. § 981(a)(1)(C), as proceeds traceable to a conspiracy to commit wire fraud, contrary to 18 U.S.C § 1343, in violation of 18 U.S.C. § 1349; conspiracy to traffic in counterfeit goods or services, in violation of 18 U.S.C. § 2320(a); and conspiracy to commit fraud and related activity in connection with authentication features, in violation of 18 U.S.C. § 1028(a)(8) and (f); and (ii) pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in

money laundering transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and 1957. (Verified Complaint ¶ 2);

WHEREAS, on or about April 1, 2014, the United States filed a Notice of Complaint for Forfeiture Against Real Property (Doc. 2) (the "Notice of Complaint"). The Notice of Complaint stated that any person who wished to assert an interest in and avoid forfeiture of the Defendant Property was required to file a verified claim with the Clerk of the Court within thirty-five (35) days after the date the Notice of Complaint was sent or the date of delivery, if personally served. The Notice of Complaint also detailed the procedure for filing a claim and answer;

WHEREAS, pursuant to 18 U.S.C. § 985(c)(1)(B), on or about May 16, 2014, the United States Marshals Service posted the Notice of Complaint on the Defendant Property. (*See* Declaration of Barbara A. Ward ("Ward Decl.") & Exhibit ("Ex.") A, filed herein);

WHEREAS, on or about April 3, 2014, the United States sent copies of the Verified Complaint and the Notice of Complaint by certified mail, return receipt requested, to Sean Ray Roberson at the Hudson County Correctional Center, 30-35 South Hackensack Avenue, Kearny, New Jersey 07032-4690. The envelope was delivered to the Hudson County Correctional Center on April 7, 2014. The Notice of Complaint stated that to contest the forfeiture, a claim had to be filed within thirty-five (35) days after the date the Notice of Complaint was sent (*i.e.*, May 8, 2014) or the date of delivery, if personally served. (*See* Ward Decl. ¶ 5 & Ex. B);

WHEREAS, on or about April 3, 2014, the United States sent copies of the Verified Complaint and the Notice of Complaint by certified mail, return receipt requested, to Sean Ray Roberson, 1041 Pandora Road S.E., Palm Bay, Florida 32909-6094.  The Notice of Complaint stated that to contest the forfeiture, a claim had to be filed within thirty-five (35) days after the date the Notice of Complaint was sent (*i.e.*, May 8, 2014) or the date of delivery, if personally served.  (*See* Ward Decl. ¶ 6 & Ex. C); and

WHEREAS, on or about April 3, 2014, (*See* Ward Decl. Exhibit D); and

WHEREAS, on or about April 4, 2014, Patrick McMahon received copies of the Verified Complaint for Forfeiture In Rem and a Notice of Complaint for Forfeiture Against Real Property (*See* Ward Decl. Exhibit D); and

WHEREAS, on or about April 3, 2014, the United States sent copies of the Verified Complaint and the Notice of Complaint by certified mail, return receipt requested, to Patrick McMahon, Esq. (Sean Roberson's attorney in the related criminal case), Federal Public Defender's Office, 1002 Broad Street, Newark, New Jersey 07102.  The envelope was delivered on April 4, 2014.  The Notice of Complaint stated that to contest the forfeiture, a claim had to be filed within thirty-five (35) days after the date the Notice of Complaint was sent (*i.e.*, May 8, 2014) or the date of delivery, if personally served.  (*See* Ward Decl. ¶ 7 & Ex. E);

WHEREAS, on or about April 3, 2014, the United States sent copies of the Verified Complaint and the Notice of Complaint by certified mail, return receipt requested, to Jennifer Dawn Roberson, 1041 Pandora Road S.E., Palm

Bay, Florida 32909. The envelope was delivered on April 7, 2014. The Notice of Complaint stated that to contest the forfeiture, a claim had to be filed within thirty-five (35) days after the date the Notice of Complaint was sent (*i.e.*, May 8, 2014) or the date of delivery, if personally served. (*See* Ward Decl. ¶ 8 & Ex. E);

WHEREAS, the United States posted notice of this forfeiture action on an official government internet site, http://www.forfeiture.gov, beginning on April 6, 2014, and running for thirty consecutive days, through May 5, 2014, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules"). (*See* Ward Decl. ¶ 9 & Ex. F);

WHEREAS claims or answers were filed or made in this action, no other parties have appeared to contest the action to date, and the statutory time periods in which to do so have expired. *See* Supplemental Rules G(4)(b)(ii) and G(5)(a) and 18 U.S.C. § 983(a)(4); and

WHEREAS, on July 31, 2014, the Clerk of the Court entered a default as to the Defendant Property for failure of any claimant to appear to contest the forfeiture.

NOW THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED:

1. THAT a Default Judgment is granted and hereby entered against the Defendant Property, 3280 Wideman Avenue S.E., Palm Pay, Florida, 32909;

2. All right, title and interest in the Defendant Property is hereby forfeited to the United States of America for disposition according to law. A

Final Order of Forfeiture as to the Defendant Property is hereby entered accordingly.

3. THAT any income derived as a result of the United States Department of the Treasury, Internal Revenue Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Department of the Treasury, Internal Revenue Service into the Department of the Treasury Asset Forfeiture Fund, in accordance with applicable law.

The Clerk is hereby directed to send copies to all counsel of record.

ORDERED this 9 day of February, 2015.

_____
HONORABLE WILLIAM J. MARTINI
United States District Judge